# United States District Court
# District of Massachusetts

ANTHONY M. LEO,
    Plaintiff,

v.                                           CIVIL ACTION NO. 07-11896-NG

GUY W. GLODIS, et al.,
    Defendants.

## *REPORT AND RECOMMENDATION ON MOTION TO DISMISS (#131) AND DEFENDANTS', GLODIS AND RENAUD, MOTION TO STRIKE, ETC. (#140)*

COLLINGS, U.S.M.J

    Guy W. Glodis and E. Roy Renaud ("the Defendants") move to dismiss under Fed. R. Civ. P. 12(b)(6) Counts IV, V and VI as they pertain to them. (#131) In a nutshell, they contend that the plaintiff, Anthony Leo ("Leo"), has failed adequately to allege claims of supervisory liability against them, and that, in any event, they are entitled to qualified immunity. Leo responds, and the

Defendants concede, that the Rule 12(b)(6) motion is untimely (or at least improperly filed) because the Defendants have already filed answers to the amended complaint before submitting their motion to dismiss. The Defendants, alternatively, ask the Court to convert their motion to dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). The Court will do so, but recommends denying the motion.

The Court, however, must first consider the issue of whether, in deciding the motion, it can consider a report released by the Department of Justice's Civil Rights Division on April 28, 2008 (the "DOJ Report").

Leo, acting *pro se*, filed his Amended Complaint on June 2, 2008.[1] On August 11, 2008, after filing his Amended Complaint, Leo, again acting *pro se*, filed a letter in which he asked the court to consider the DOJ Report (#32), which was issued after he filed his Amended Complaint. The DOJ Report contains findings by the DOJ about conditions at the Worcester County Jail, where Leo was housed as a pre-trial detainee at all relevant times. In his letter, Leo stated that the DOJ Report's findings "'mirror[ed]' the claims of harm made by the petitioner against the named defendants," and that the "complaint was

---

[1] Counsel was appointed to represent Leo on July 6, 2009.

written, and filed, before these findings were ever released." *Id.* at 1.

The Defendants have moved to strike (#140) the DOJ Report from Leo's Opposition to Defendants' Motion to Dismiss. Leo has filed an Opposition to the Motion to Strike (#144). The defendants contend that the Court cannot consider the DOJ Report because it is *au dehors* the pleadings, since Leo did not specifically reference it in the Amended Complaint. Leo argues that the Court may consider the DOJ Report because, as a *pro se* litigant, he is entitled to have his pleadings construed liberally.

The Court agrees with Leo's position. Leo was acting *pro se* when he filed his Amended Complaint and subsequent filings; that he was later appointed counsel is of no consequence here, despite the defendants' arguments to the contrary. *See Polaroid Corp. v. Feely*, 889 F. Supp. 21, 24 (D. Mass. 1995) ("[R]egardless of whether or not [the pro se litigant] had retained an attorney, the fact of the matter is that the motion was filed pro se. Hence, this Court must construe all intendments in [the pro se litigant's] favor.") (*citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Here, appointed counsel had no hand in drafting Leo's pleadings or any subsequent submissions. Because Leo was *pro se* at the time that he drafted his complaint, "his pleadings are to be liberally

construed and may be interpreted in light of supplemental submissions, such as any response filed in opposition to the motion to dismiss." *Lyons v. Maine*, Civ. No. 10-250-B-W, 2010 WL 3341980, at *1 (D. Me. Aug. 24, 2010)(slip opinion) (citations omitted), *aff'd* 2010 WL 3717234 (D. Me. Sept. 24, 2010). In his August 11, 2008 letter, Leo specifically requested that the Court consider the DOJ report "before ruling on any of the defendants' motion for summary judgment/dismissal." (#32 at 1) Inasmuch as Leo sought to clarify the Amended Complaint with the submission of the DOJ Report, the Court shall recommend denying the motion to strike. Given the content of the DOJ Report, the Court shall recommend denying the motion to dismiss (#131) while treating the motion to dismiss as one for judgment on the pleadings.

Finally, the Court notes that:

> [A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties, and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take notice. The motion for judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted by the pleadings and only questions of law remain to be decided by the district

court.

Charles Alan Wright, et al., 5C *Federal Practice and Procedure: Civil 3d*, § 1367 (2004).

That is not the situation in the instant case; issues of material fact may arise. For instance, the Defendants' motion to dismiss raises qualified immunity defenses and other arguments. At this stage of the litigation,[2] the question of whether material facts exist and whether they are undisputed is best resolved on a motion for summary judgment. But even on the bare allegations of the Amended Complaint, *see* ##28, 58 ¶¶ 121-129, the Court has no difficulty recommending that judgment not be entered on the pleadings

For all the above reasons, I RECOMMEND that the Motion to Dismiss (#131) and the Defendants', Glodis and Renaud, Motion to Strike, etc. (#140) be DENIED.

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion

---

[2] It is noted that a Rule 12(c) motion "calls for an assessment of the merits of the case at an emryonic stage. . . ." *R.G. Financial Corp. v. Vergara-Nunez,* 446 F.3d 178, 182 (1 Cir., 2006). The instant litigation is well beyond the "embryonic" stage.

of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 25, 2011.